**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4068

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESSIE ELLISON MALLOY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (1:05-cr-00252-WLO)

Submitted: September 13, 2006          Decided: October 3, 2006

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael Augustus DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jessie Malloy pled guilty without the benefit of a plea agreement to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Malloy as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1) (2000), which carries a statutory minimum of fifteen years' imprisonment and a maximum of life imprisonment. Malloy received 188 months' imprisonment, at the bottom of the range provided for by the sentencing guidelines, which were made advisory by United States v. Booker, 543 U.S. 220 (2005).

On appeal, Malloy's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there exist no meritorious issues for appeal but contending that Malloy's armed career criminal designation violates the Sixth Amendment.[1] The use of prior convictions to enhance a defendant's sentence does not violate Booker. See United States v. Thompson, 421 F.3d 278, 282-84 (4th Cir. 2005) (holding that, where the defendant does not dispute any facts related to his prior convictions, the district court's determination of the criminal history category does not violate the Sixth Amendment), cert. denied, 126 S. Ct. 1463

---

[1]Although notified of his right to do so, Malloy has not submitted a pro se supplemental brief.

(2006).[2]  We conclude that this challenge to Malloy's sentence is meritless.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Malloy's conviction and sentence. This court requires that counsel inform Malloy, in writing, of the right to petition the Supreme Court of the United States for further review.  Accordingly, we deny counsel's motion to withdraw from representation.  If Malloy requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may again move in this court for leave to withdraw from further representation.  Any such motion filed by counsel must state that a copy thereof was served on Malloy.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2]Additionally, Malloy has not rebutted the presumption that his sentence was reasonable. <u>See</u> <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.) (stating a sentence imposed within a properly calculated guideline range is presumptively reasonable), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).